UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEWIS E. BECERRA,

     Plaintiff,

v.                                                    CIV 10-0603 JB/CEG

KAREN L. SCHAUER,
ALLEN MAESTAS,
MICHELLE M. WARREN,
D.A. BRETT R. LOVELESS, and
JUDGE ROSS SANCHEZ,

     Defendants.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff Lewis C. Becerra's *pro se* motion to proceed *in forma pauperis* ("IFP").  *See Doc. 2.*  Presiding District Judge James O. Browning referred the matter to me under 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990).  *See Doc. 4.*  His order directs me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case.  *Id.*  As such, I must first "review the affidavit and screen [the] case under 28 U.S.C. §§ 1915(a) and (e)."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

## I.  Applicable Legal Standards

Screening includes deciding whether "the allegation of poverty is untrue" and

whether the action is "frivolous," "malicious," fails to state a claim, or is brought against a defendant who is entitled to immunity.  28 U.S.C. § 1915(e).  Even if Plaintiff is indigent, if his complaint fails to state a claim on which relief may be granted, it must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is now mandatory).

## II.  Indigency

A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Taking his assertions as true, Plaintiff cannot meet this burden.  He is fifty-three years old, divorced, has no dependents, and has been unemployed for five years.  *See Doc. 2* at 1-2.  Each month he receives $674 in Social Security benefits.  *See id.* at 2. His monthly rent and utility expenses are $250 and he pays $60 each month to the New Mexico Department of Corrections.  His income well exceeds his reported expenses and, therefore, I find Plaintiff fails to show that he cannot pay both for filing fees and for the necessities of life.

## III.  The Complaint

Even if Plaintiff qualifies as indigent, the § 1983 aspects of his Complaint should nevertheless be dismissed.  In this regard, certain factors warrant discussion before moving to the analysis.  It is true that this Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).  However, *pro se* submissions are

construed liberally.  As the Tenth Circuit recently reiterated:

> . . . Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.
>
> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.  We recently gave fuller meaning to our standard for Rule 12(b)(6) motions in light of the Supreme Court's 2007 decisions in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007), and *Erickson v. Pardus,* 551 U.S. 89 (2007).  In the Rule 12(b)(6) context, we look for plausibility in the complaint. In particular, we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is improbable, factual allegations in a complaint must be enough to raise a right to relief above the speculative level.
>
> In addition, we must construe a *pro se* appellant's complaint liberally. This liberal treatment is not without limits, and this court has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.

*Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) (citations, quotations, and alterations omitted).

*Schwartz v. New Mexico Corrections Dept. Probation And Parole,* 2010 WL 2531456 at

** 2-3 (10th Cir. 6/24/10).  For the reasons that follow, I cannot ignore what is plainly

implicated by Plaintiff's submissions and publicly-available information, or avoid the

conclusion that Plaintiff is presently on probation and may have intended to seek

habeas relief with this lawsuit.

"Exhibit A" to his Complaint is entitled "Lewis Becerra's protest of injustice" *Doc.*

*1* at 7.  In it he states:  "I am **sitting in prison** because of these so-called lawyers."  *Id.* at 12 (emphasis added).  But, it is clear he was not in prison when he commenced this action for a number of reasons.  Receipt of social security payments and paying rent and utility bills are inconsistent with incarceration.  The New Mexico Department of Corrections website indicates that Plaintiff is on "probation/parole" for various crimes.[1] Moreover, it is apparent from Exhibit A itself and state court docket sheets that the documents comprising "Exhibit A" were written years ago, sometime after Plaintiff pleaded guilty to criminal sexual penetration.  *See id.* 11-12, 14, 31-33.  Exhibit A only references the earliest case – "98-3846."  *See id.* at 14, 15.  However, four state docket sheets reveal a series of interrelated criminal proceedings from 1998 to the present: *State v. Lewis Becerra,* D-202-CR-9803846; *State v. Lewis Becerra,* D-202-CR-200000672; *State v. Lewis Becerra,* M-61-FR-200800008; and *State v. Lewis Becerra,* D-1333-CR-200800042.  They are attached to these proposed findings.

In the 1998 case assigned to District Judge Frank Allen, a grand jury indicted Plaintiff for kidnapping, three counts of criminal sexual penetration, and bribery/intimidation of a witness.[2]   After extensions, substitution of counsel, and a pretrial conference in March 2000, the 1998 case was dismissed without prejudice and refiled in 2000 with the notation that the "case type changed from FPE to FSX."  The charges were identical in both case.  The 2000 case was assigned to District Judge

---

[1]   *See* http://corrections.state.nm.us/offenders/search.php.

[2]   The fourteen-year-old victim told officers and health providers that Plaintiff, who was her "best friend's dad," had sexually assaulted and "penetrated" her three times in his "rig," *see Doc. 1* at 7, 21, 27, 32.  Plaintiff had a previous conviction for a "similar offense."  *See id.* at 32.

Ross Sanchez.  Plaintiff entered his guilty plea in the 2000 case and the 1998 case docket sheet notes the entry of that plea as well.

In July 2000, Judge Sanchez sentenced Plaintiff to a sixteen-year sentence, suspended eight years of incarceration, and additionally imposed a five-year term of supervised probation and a two-year term of parole.[3]  Two years later, a docket entry shows the entry of  an "order of probation" for five years.[4]  Another  docket entry shows that probation supervision terminated in March 2007 and Plaintiff was eligible to have his voting rights restored.[5]

In January 2008, a criminal complaint charged Plaintiff with failing to register as a sex offender.  *See State v. Lewis Becerra,* M-61-FR-200800008 (docket entry 1/3/08).  The complaint was followed by an indictment that opened another criminal proceeding – *State v. Lewis Becerra,* D-1333-CR-200800042.  This case was assigned to District Judge Camille Martinez Olguin.  As a result of his no contest plea, in April 2009, he received a suspended eighteen-month period of probation.[6]  By October and November

---

[3]    *See State v. Becerra,* D-202-CR-200000672 (docket entry dated 7/27/00: "judgmt/habitual0.00 filing judgment, partially suspended sentence & commitment on Becerra; gp to cts 4/5 of gji & ct 1 of info; sentenced to doc for 15 yrs plus 1 yr hoa to equal 16 yrs w/8 yrs suspended; actual term of 8 yrs; supervised prob for 5 yrs; special conds; 646 days psc; 2 yrs parole/costs").

[4]    *See id.* (docket entry dated 8/13/02:  ord: of probation filing order of probation on Becerra; for period of five (5) years beg upon release until five (5) years after release or until further order of the court (discharge date reflects 646 days of pre-sentence confinement credit) special conditions").

[5]    *Id.* (docket entry dated 3/7/07:  Probation supervsn terminated filing order of release on suspended sentence on Lewis; eligible for restoration of voting rights").

[6]    *See State v. Lewis Becerra,* D-1333-CR-200800042 (docket entry 4/20/09:  "Cls: judgment/ disposition suspended 18 mo supervised probation $100/dna $5 dv fee shall not leave

of that year, however, other orders were entered that placed Plaintiff on supervised

probation until September 18, 2010.[7]

Thus, although the sentence in the 2000 case appears to have been fully served,

the 2000 case is undoubtedly related to the later-imposed term of probation.  That

explains why the Department of Corrections lists Plaintiff's status as on

"probation/parole" for two counts of criminal sexual penetration, bribery/intimidation of a

witness, and two counts of failing to register as a sex offender.  Furthermore, the failure

to register charges also coincide with Plaintiff seeking state habeas relief in the 2000

case.  The state habeas proceedings concluded in court March of this year with the

denial of relief, and the state district court docket sheet does not indicate that other state

proceedings have been pursued.  *See State v. Becerra,* D-202-CR-200000672 (docket

entries from 12/19/07 to 3/22/10).  In addition, this Court's records do not show that

Plaintiff has ever pursued federal habeas relief here.[8]

I note that, although Plaintiff's Complaint is brought under 28 U.S.C. § 1983, he

makes no claim for damages or relief of any other sort.  *See Doc. 1.*  Instead, despite

his plea, he maintains his innocence of the sexual penetration charges and challenges

those proceedings based on the conduct of defense counsel, the prosecutor, and Judge

---

cibola county w/o permission from apo & a travel permit from his probation officer must register as
a sex offender pursuant to sorna receive credit for pre- sentence confinement-18 days outstanding
warrants quashed bonds posted released").

[7] *See id.* (docket entry 10/13/09:  "Ord: of probation probation supervision until march 17,
2011" and docket entry 11/13/09 "ord: of probation amended probation supervision til sept 18,
2010").

[8] The only other filing for a "Lewis Becerra" in this Court was a prisoner § 1983 denial of
medical care claim that was dismissed for both failure to exhaust and failure to state a claim.  He
did not pursue the matter further.  *See Becerra v. Dantis,* CIV 99-1216 LH/LCS (Docs. 16, 24).

Sanchez.  All of these allegations focus on his alleged actual innocence.

Among other things, for example, Plaintiff contends that one of his attorneys: failed to give him copies of DNA results, medical reports, and transcripts in her possession; refused to inform him of court dates; told him that nothing in the DNA tests could prove that he was innocent; and misplaced the victim's taped testimony.  *See id.* at 7-8.  He contends that she was "very ineffective in her professional conduct," "never investigated [his] claim of innocence," and, at his request, was replaced with two other attorneys.  *Id.* at 12.

He was not content with their representation either.  He alleges that these lawyers:  failed to help him; told him how to plead; and put extreme pressure on him to plead guilty despite his alleged innocence by telling him that, if he didn't plead guilty, he would receive from fifty to ninety years in prison and by not giving him copies of DNA results or other items until after he pleaded.  *Id.* at 8-9.  He admits that when Judge Sanchez asked if he had been "lead to taking the plea bargain," Plaintiff responded: "no."  *Id.*  But, he also claims that Judge Sanchez accepted a guilty plea allegedly "reworded" by the prosecutor.  *See id.* at 9-10.

Finally, although the documents he provided are not conclusive, Plaintiff asserts that DNA reports prove his innocence, and is a detail that his attorneys and Judge Sanchez were, or should have been, aware of at his plea and sentencing.  *See id.* at 10-12.[9]

---

[9] As the letter from his appellate counsel to Plaintiff noted that the medical reports and DNA results were supportive, but not dispositive, of his innocence.  These included a finding of no sperm, insufficient hair sample for testing, delay in reporting by the victim, and inconclusive virginity.  *See, e.g., Doc. 1* at 17-21, 31-33.

Because Plaintiff's focus on his alleged actual innocence, and because he initiated this federal action within a few months after the state district court denied state habeas relief, I believe that Plaintiff intended to seek federal habeas relief by this lawsuit.

## IV. ANALYSIS

### A. Plaintiff Fails To State A Claim Under 42 U.S.C. § 1983

If Plaintiff is seeking relief under 42 U.S.C. § 1983, then there are several independent reasons why all of his claims should be dismissed.

***First, Untimeliness.*** Plaintiff's § 1983 allegations are barred by the applicable statute of limitations. In *Jones v. Bock,* 549 U.S. 199 (2007), the Supreme Court "recognized the long-standing rule that '[i]f the allegations . . . show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim.'" *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009) (quoting *Jones,* 549 U.S. at 215 and also citing *Fratus v. DeLand,* 49 F.3d 673, 674-75 (10th Cir.1995), which holds that holding that district courts may raise the statute-of-limitations defense *sua sponte* when it is "clear from the face of the complaint [and is] rooted in adequately developed facts").

"The applicable statute of limitations in New Mexico for actions for alleged civil rights violations pursuant to 42 U.S.C. § 1983 is three years." *Ogden v. San Juan County Detention Center,* 1996 WL 688305 at * 8 (10th Cir. 1996) (citing N.M. STAT. ANN. § 37-1-8 and see *Garcia v. Wilson,* 731 F.2d 640 (10th Cir. 1984), *aff'd,* 471 U.S. 261 (1985)). The conduct at issue occurred in the late 1990's or early 2000's and was

known to Plaintiff when it occurred.  There are no grounds for equitable tolling alleged

and none suggested by the record.  Indeed, Plaintiff was complaining about the conduct

to appellate counsel in the early 2000's.  Thus, his § 1983 claims are barred by the

applicable statute of limitations.

    ***Second, Failure To State A Claim.***  Plaintiff's claims against the presiding judge

and state prosecutor are barred by absolute immunity.  *See* § 1915(e)(2)(B)(iii).  A judge

is absolutely immune from suit related to judicial proceedings unless his actions were

either outside the judge's judicial capacity or were taken in the complete absence of all

jurisdiction.  *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Likewise, "[s]tate

prosecutors are entitled to absolute immunity against suits brought pursuant to § 1983

for activities intimately associated with the judicial process."  *Gagan v. Norton*, 35 F.3d

1473, 1475 (10th Cir. 1994) (internal quotation marks omitted); *see also, e.g., Hinton v.

Dennis*, No. 09-5130, 362 Fed. Appx. 904, 907 (10th Cir. 1/25/10) (holding that

prosecutor who continued to prosecute case when the defendant believed he should

have dismissed it, and who "made a disparaging remark about [the defendant] during

the criminal trial" was absolutely immune from a § 1983 suit).

    Similarly, none of Becerra's court-appointed attorneys are state actors subject to

suit under § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public

defender does not act under color of state law when performing a lawyer's traditional

functions as counsel to a defendant in a criminal proceeding."); *Hinton*, 362 Fed. Appx.

at  907 (affirming dismissal of § 1983 suit against public defender who allegedly "failed

to protect [the defendant's] rights and talked to him like he did not know the law"

because attorney's actions were taken "while performing his traditional advocacy

functions and were, therefore, not taken under color of state law").

Because Plaintiff cannot state a viable claim against any defendant, the Court should not take supplemental jurisdiction over any potential state-law claims. This is so especially, as here, there is no clear assertion of any state claims. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (noting that, if federal claims are dismissed before trial, leaving only issues of state law, the federal court generally "should decline the exercise of jurisdiction by dismissing the case without prejudice"); *Dunn*, 880 F.2d at 1197 (stating that courts should "not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded").

**Third, Heck v. Humphrey.** Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) bars § 1983 suits that seek to, or will have the effect of, invalidating a conviction. That is so because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Wallace v. Kato,* 549 U.S. 384, 392 (2007) (internal quotations omitted) (quoting *Heck,* 512 U.S. at 486). Instead, "Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Id.* (internal quotations omitted) (quoting *Heck,* 512 U.S. at 482, which quotes *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973)). As the Tenth Circuit has stated, the purpose of the *Heck* bar is to "prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Vasquez Arroyo,* 589 F.3d at 1094 (internal quotations omitted) (quoting *Butler v. Compton,* 482 F.3d 1277, 1279 (10th Cir.

2007), which cites *Muhammad v. Close,* 540 U.S. 749, 751-52 (2004) (per curiam)).

Thus, if what Plaintiff wants to do here is "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," *Heck,* 512 U.S. at 486, then he is required to

> prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnoted omitted).

Under a straight-forward application of *Heck,* Plaintiff's § 1983 complaint should be dismissed because he has not alleged or shown that his sentence has been invalidated by any tribunal. Indeed, the state and federal docket sheets indicate to the contrary – his conviction has not been invalidated despite attempts at state habeas relief and he has never pursued federal habeas relief until perhaps now.

There is some Supreme Court authority for the proposition that *Heck* would not bar a "§ 1983-to-invalidate-conviction" suit when a plaintiff is not "in custody" as that phrase is defined under federal habeas law. The issue is not settled in the Tenth Circuit.[10] Even so, this line of cases would not change the result here because Plaintiff

---

[10] *See, e.g., Spencer v. Kemna,* 523 U.S. 1, 19-21 (1998) (Souter, Justice, concurring) (citing his concurrence in Heck and Edwards v. Balisok, 520 U.S. 641 (1997)); *id.* at 21 (Ginsburg,

is under probation in New Mexico on the failure to register charge.  It is long-settled that probation constitutes "in custody" for habeas purposes.[11]  Thus, if Plaintiff's habeas challenge is to the "failure to register" conviction, it is plain that at the time this action he is "in custody."

If he is using his present sentence as a means to challenge the underlying sexual penetration conviction, the issue is more complicated but, again, not settled in the Supreme Court or Tenth Circuit.  A recent line of cases holds that convicted sex offenders who have completed their sentences are not "in custody" for habeas purposes

---

Justice, concurring) ("I have come to agree with Justice SOUTER's reasoning:  Individuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example) fit within § 1983's 'broad reach.'"); *see also Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005) ("Throughout the legal journey from *Preiser* to *Balisok,* the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. . . .  These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Schwartz,* 2010 WL 2531456 at * 4 ("Assuming arguendo that *Heck* is not applicable to § 1983 claims brought by a prisoner who is no longer "in custody," and therefore ineligible for habeas relief, *see Jiron v.. City of Lakewood,* 392 F.3d 410, 413 n. 1 (10th Cir.2004) (noting that *Heck* may not apply when a plaintiff has no vehicle to challenge the underlying conviction, but not deciding the question").

[11] *See, e.g., Maleng v. Cook,* 490 U.S. 488, 490-91 (1989) (per curiam) ("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus.  In *Jones* . . . for example, we held that a prisoner who had been placed on parole was still 'in custody' under his unexpired sentence.  We reasoned that the petitioner's release from physical confinement under the sentence in question was not unconditional"); *Schwartz,* 2010 WL 2531456 at * 4 ("Assuming arguendo that *Heck* is not applicable to § 1983 claims brought by a prisoner who is no longer "in custody," plaintiff was under term of probation at time of filing); *Garey v. Ulibarri,* 332 Fed. App'x 445, 446 (10th Cir. 2009) ("Federal courts have no jurisdiction to consider § 2254 petitions unless the petitioner is in custody pursuant to a challenged conviction when the petition is filed. . . .  As the district court found, the parties stipulated in 2004 that Garey was not in custody pursuant to either of the challenged sentences and had served his probation and parole in full.).

to challenge the crime by virtue of the fact that they are required to register their status. The registration is merely a "collateral consequence."  *See, e.g., Stevens v. Fabian,* 2009 WL 161216 (D. Minn. 2009) (surveying cases).  Here, however, Plaintiff received a criminal sentence for his failure to register, and the state docket sheets show an interrelationship between the state habeas relief and the failure to register charge.

Accordingly, not only is there no binding authority that a *Heck* or sex registry exception is cognizable, there is no basis to conclusively determine that any such exception is applicable.  Under those circumstances, the final independent reason why Plaintiff's § 1983 suit should be dismissed is because it is barred under *Heck.*

### B. If Plaintiff Is Proceeding Under 28 U.S.C. § 2254, He Must Do Other Things

If Plaintiff is actually seeking habeas relief under 28 U.S.C. § 2254, then he needs to inform the Court of the same, submit another form, and comply with other doctrines for this case to go forward.  Specifically, Plaintiff needs to let the Court know that he is seeking habeas and not § 1983 relief.  He must do so, in writing by a document filed with the Court, within the time for filing objections, noted below.  If habeas relief is what Plaintiff seeks, then the Court should forward Plaintiff the correct form, allow him to file it in this case, and pursue this action as a habeas matter.

However, Plaintiff should be required to submit the submit the $5 filing fee with a habeas form because he does not qualify as a "pauper."  *See* 28 U.S.C. § 1914(a). Furthermore, even if he does those things, he should further be advised that this Court cannot address the merits of his habeas claims unless he has complied with the exhaustion of state remedies requirement, the "in custody" requirement discussed above, and the applicable federal statute of limitations for habeas actions.  In short,

even if Plaintiff submits a habeas claim, there is no guarantee that it will go forward to a decision on the merits.

Wherefore,

**IT IS HEREBY RECOMMENDED** that insofar as Plaintiff is seeking damages or other relief under 42 U.S.C. § 1983, his  motion to proceed *in forma pauperis* (Doc. 2) be denied and this action be dismissed WITHOUT prejudice.

**IT IS FURTHER RECOMMENDED** that insofar as Plaintiff is seeking habeas relief under 28 U.S.C. § 2254, he must notify the Court of the same, in writing, within the time to file objections.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATED MAGISTRATE JUDGE