IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEWIS E. BECERRA,

    Plaintiff,

v.                                                                   No. CIV 10-0603 JB/CEG

KAREN L. SCHAUER, ALLEN
MAESTAS, MICHELLE M. WARREN,
D.A. BRETT R. LOVELESS, and
JUDGE ROSS SANCHEZ,

    Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART
THE MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 15, 2010 (Doc. 5)("PF&RD"). Plaintiff Lewis E. Becerra's Complaint is styled a suit under 42 U.S.C. § 1983, but makes some statements that suggest he is pursuing habeas corpus relief. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, filed June 21, 2010 (Doc. 1)("Complaint"); id. Exhibit 1, at 6 ("I am sitting in prison because of these so-called lawyers."). The Honorable Carmen E. Garza, United States Magistrate Judge, concluded that, if Becerra is seeking relief under 42 U.S.C. § 1983, then the Court should deny his motion to proceed *in forma pauperis* and dismiss the action without prejudice. Judge Garza further recommended that, if Becerra is seeking habeas relief under 28 U.S.C. § 2254, then he must notify the Court of this intention, in writing, within the time to file objections. The PF&RD notified Becerra that failure to file objections waives appellate review. See PF&RD at 14. See also Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010). To date, Becerra has not filed any

objections, and there is nothing in the record indicating that the findings were not delivered.

The Court has reviewed Judge Garza's PF&RD, Becerra's pleading, and the applicable law, and has concluded that it will adopt the PF&RD in part. Judge Garza presents three grounds for dismissing Becerra's § 1983 claim. First, she concludes that the three-year statute of limitations bars Becerra's claims. Second, she finds that Becerra's Complaint fails to state a claim. Third, she finds that Becerra's claim is a collateral attack on a prior conviction, barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Court adopts Judge Garza's first two bases for dismissing Becerra's § 1983 action, but rejects the third. Even relying only on Judge Garza's first two bases for dismissal, however, the Court agrees that it should dismiss Becerra's Complaint, to the extent that it is a claim for money damages under 42 U.S.C. § 1983. The Court will thus discuss its reasons for rejecting Judge Garza's third basis for dismissing Becerra's Complaint and then adopt the remainder of the PF&RD.

## ANALYSIS

Judge Garza's third basis for dismissing Becerra's § 1983 action is that the Supreme Court of the United States' decision in Heck v. Humphrey bars his claim. Judge Garza explained that the "Supreme Court's decision in Heck v. Humphrey . . . bars § 1983 suits that seek to, or will have the effect of, invalidating a conviction." PF&RD at 10. She then stated:

> That is so because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Wallace v. Kato, 549 U.S. 384, 392 (2007)(internal quotations omitted)(quoting Heck, 512 U.S. at 486). Instead, "Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Id. (internal quotations omitted)(quoting Heck, 512 U.S. at 482, which quotes Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)). As the Tenth Circuit has stated, the purpose of the Heck bar is to "prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." Vasquez

>Arroyo, 589 F.3d at 1094 (internal quotations omitted)(quoting Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir. 2007), which cites Muhammad v. Close, 540 U.S. 749, 751-52 (2004)(per curiam)).

PF&RD at 10. Judge Garza recognized that "probation constitutes 'in custody' for habeas purposes." Id. at 12 (citing Maleng v. Cook, 490 U.S. 488, 490-91 (1989)(per curiam); Garey v. Ulibarri, 332 Fed. Appx. 445, 446 (10th Cir. 2009)). She also noted, however, that "[t]here is some . . . authority for the proposition that Heck would not bar a '§ 1983-to-invalidate-conviction' suit when a plaintiff is not 'in custody' as that phrase is defined under federal habeas law," but the United States Court of Appeals for the Tenth Circuit has not settled the issue. PF&RD at 11-12 & n.11 (citing Spencer v. Kemna, 523 U.S. 1, 19-21 (1998)(Souter, J., concurring); id. at 21 (Ginsburg, J., concurring); Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Schwartz v. N.M. Corr. Dep't of Probation & Parole, No. 09-2302, 2010 WL 2531456, at *4 (10th Cir. June 24, 2010); and Jiron v. City of Lakewood, 392 F.3d 410, 413 n.1 (10th Cir. 2004)). The Court agrees with both of these analyses.

Judge Garza used the following rationale to conclude that Heck v. Humphrey barred Becerra's § 1983 claim:

>Even so, this line of cases would not change the result here because Plaintiff is under probation in New Mexico on the failure to register charge. It is long-settled that probation constitutes "in custody" for habeas purposes. Thus, if Plaintiff's habeas challenge is to the "failure to register" conviction, it is plain that at the time this action he is "in custody."

>If he is using his present sentence as a means to challenge the underlying sexual penetration conviction, the issue is more complicated but, again, not settled in the Supreme Court or Tenth Circuit. A recent line of cases holds that convicted sex offenders who have completed their sentences are not "in custody" for habeas purposes to challenge the crime by virtue of the fact that they are required to register their status. The registration is merely a "collateral consequence." See, e.g., Stevens v. Fabian, 2009 WL 161216 (D. Minn. 2009)(surveying cases). Here, however, Plaintiff received a criminal sentence for his failure to register, and the state docket sheets show an interrelationship between the state habeas relief and the failure to

> register charge.
>
> Accordingly, not only is there no binding authority that a Heck or sex registry exception is cognizable, there is no basis to conclusively determine that any such exception is applicable. Under those circumstances, the final independent reason why Plaintiff's § 1983 suit should be dismissed is because it is barred under Heck.

PF&RD at 12-13 (footnotes omitted). Judge Garza rejected Becerra's § 1983 claim, to the extent that it is a collateral attack on Becerra's conviction for failure to register as a sex offender, because Becerra is in custody for that charge and the claim is thus barred by Heck v. Humphrey. The Court sees no flaws in Judge Garza's analysis up to this point.

The Court rejects, however, the remainder of Judge Garza's analysis. The content of Becerra's Complaint indicates that Becerra is challenging the propriety of his criminal-sexual-penetration conviction, not his failure-to-register conviction. Becerra is not in custody for the purposes of his criminal-sexual-penetration conviction, see PF&RD Exhibit 2, at 4 (state-court file for Becerra's criminal-sexual-penetration conviction showing that probation was terminated on March 7, 2007), and the authorities Judge Garza cites suggest that Heck v. Humphrey might not bar a § 1983 claim based on that conviction where probation has ended but the felon must register as a sex offender. See PF&RD at 12. Nevertheless, Judge Garza appears to assert that, because of the relationship between Becerra's criminal-sexual-penetration conviction and his failure-to-register conviction, the fact that he is in custody for the purposes of the failure-to-register conviction effectively place him in custody for the purposes of the criminal-sexual-penetration conviction. See PF&RD at 13 ("Plaintiff received a criminal sentence for his failure to register, and the state docket sheets show an interrelationship between the state habeas relief and the failure to register charge."). In other words, Judge Garza recognized a potential exception to the Heck v. Humphrey prohibition on using § 1983 to collaterally attack a conviction, and then assumed that the exception would not

apply where the conviction attacked is related to one that Heck v. Humphrey would cover. For two related reasons, the Court will reject this part of Judge Garza's analysis.

First, Judge Garza's and the Court's research have found cases which support the proposition that a former criminal defendant who is no longer in custody for a particular conviction -- and thus cannot challenge the conviction by petition for a writ of habeas corpus -- might be permitted to challenge that conviction by an action under § 1983. For example, the United States Court of Appeals for the Fourth Circuit stated in Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008):

> Four circuits . . . continue to interpret Heck as barring individuals from filing virtually all § 1983 claims unless the favorable termination requirement is met. On the other hand, five circuits have held that the Spencer [v. Kemna, 523 U.S. 1 (1998)] plurality's view allows a plaintiff to obtain relief under § 1983 when it is no longer possible to meet the favorable termination requirement via a habeas action.
>
> We believe that the reasoning employed by the plurality in Spencer must prevail in a case, like Wilson's, where an individual would be left without any access to federal court if his § 1983 claim was barred.

535 F.3d at 267-68 (footnotes omitted). See Wilson v. Johnson, 535 F.3d at 267 n.6 (citing Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000); Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007); and Fuchs v. Mercer County, 260 Fed. Appx. 472, 474 (3d Cir. 2008), as interpreting Heck v. Humphrey to bar all § 1983 claims absent favorable termination of the challenged conviction); Wilson v. Johnson, 535 F.3d at 267 n.7 (citing Carr v. O'Leary, 167 F.3d 1124, 1127 (7th Cir. 1999); Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001); Nonnette v. Small, 316 F.3d 872, 874 (9th Cir. 2002); Harden v. Pataki, 320 F.3d 1289, 1298 (11th Cir. 2003); and Powers v. Hamilton County Pub. Defender Comm'n, 501 F.3d 592, 603 (6th Cir. 2007), as holding that a § 1983 action is permissible if the plaintiff can no longer challenge the conviction via habeas). So far as the Court is aware, the Tenth Circuit has not yet resolved this issue. See Vasquez Arroyo v. Starks, 589 F.3d 1091, 1096 (10th Cir. 2009)("Although we implied

in Butler [v. Compton, 482 F.3d 1277 (10th Cir. 2007),] in dicta that Heck does not apply when a habeas remedy is lacking . . . , we decline to reach this issue which the Supreme Court has not resolved . . . and on which the circuits are split."). Judge Garza's analysis assumes that Becerra is bringing his suit pursuant to § 1983. Becerra is no longer in custody for the purposes of his criminal-sexual-penetration claim, and it appears from his Complaint that it is his criminal-sexual-penetration conviction, and not his failure-to-register conviction, which he contends was wrongful. See Complaint Exhibit 1. If the exception that Judge Garza suggested exists, it appears Becerra's Complaint falls within it. Judge Garza cited no authority for the proposition that Becerra's in-custody status with respect to his failure-to-register conviction, and the relationship between Becerra's criminal-sexual-penetration conviction and his failure-to-register conviction, pulls Becerra's case back under the restrictions of Heck v. Humphrey.[1] The Court has similarly found none. The Court will not find an uncertain exception to the rule of Heck v. Humphrey and then create an even more uncertain exception to that exception.

Second, the Court notes that it can dispose of Becerra's suit without delving into a Heck v. Humphrey analysis. The Court sees no significant flaws in Judge Garza's first two rationale for dismissing without prejudice Becerra's Complaint: that the claims are barred by the statute of limitations and that they fail to state a claim.[2] The Tenth Circuit recently declined to address the

---

[1] The only authority cited in the PF&RD is Stevens v. Fabian, No. CIV 08-1011 ADM/AJB, 2009 WL 161216 (D. Minn, Jan. 22, 2009), which the PF&RD cites only for the proposition that "convicted sex offenders who have completed their sentences are not 'in custody' for habeas purposes to challenge the crime by virtue of the fact that they are required to register their status. The registration is merely a collateral consequence." PF&RD at 12-13. This authority does not support the proposition that the relationship between a failure-to-register conviction and the original sex offense makes custody for the failure-to-register tantamount to custody for the sex offense.

[2] The Court notes that, although Judge Garza based her statute-of-limitations analysis on the fact that the events of which Beccera complains occurred in the late 1990s or early 2000s, the three-

Heck v. Humphrey issue this case raises when it was not necessary to do so, see Vasquez Arroyo v. Starks, 589 F.3d at 1096, and the Court sees no sound reason to try to resolve the circuit split in this case.  The Court will thus decline to address the difficult and possible constitutional questions that Becerra's Complaint raises when analyzed under the Heck v. Humphrey doctrine.  See United States v. Cardenas-Alatorre, 485 F.3d 1111, 1115 n.9 (10th Cir. 2007)("Our path in this case is consistent with our general wish to avoid, when possible, deciding constitutional questions and thereby overturn legislative enactments and etch in stone rules of law beyond the reach of most democratic process."); Qwest Corp. v. City of Santa Fe, N.M., 380 F.3d 1258, 1268 n.7 (10th Cir. 2004)(referring to "the longstanding principle that federal courts should avoid reaching constitutional questions if there are other grounds upon which a case can be decided")(quoting Alltel Commc'ns, Inc. v. City of Macon, 345 F.3d 1219, 1221 n.2 (11th Cir. 2003)).  For these reasons, the Court adopts in part the PF&RD, does not adopt Judge Garza's rationale based on Heck v. Humphrey, and dismisses Becerra's Complaint without prejudice.

    **IT IS ORDERED** that (i) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 5) is adopted in part; (ii) Plaintiff Lewis E. Becerra's motion to proceed *in forma pauperis* (Doc. 2) is denied; and (iii) this action is dismissed without prejudice.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

---

year statute of limitations would bar Becerra's § 1983 claim even if his § 1983 claim accrued on the date on which he was no longer wrongfully in custody.  His state-court record discloses that his probation was terminated on March 7, 2007, but he did not file his Complaint until June 21, 2010 -- more than three years later.

*Parties*:

Lewis E. Becerra
Milan, New Mexico

> *Plaintiff pro se*